UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN HELM, | ) | CIVIL ACTION NO. 4:21-CV-705 |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| DEREK SLAUGHTER, *et al.*, | ) | |
|     Defendants | ) | |
| FRED MILLER, | ) | CIVIL ACTION NO. 4:21-CV-986 |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| GABRIEL CAMPANA, *et al.*, | ) | |
|     Defendants | ) | |

## **MEMORANDUM OPINION**

### I.    BACKGROUND

The above-captioned cases were commenced by Williamsport Police Officers who assert that they sought, and were not selected for, promotions to assistant police chief or captain positions within the police department in retaliation for past civil rights lawsuits they filed against the City of Williamsport and some of its officials.

Plaintiff Helm sought, and was not selected, for promotion to assistant police chief in September 2019 and October 2020. Plaintiff Helm alleges he was a more qualified candidate than the individuals hired to fill the positions. According to the allegations in Plaintiff Helm's Complaint, he sued the city on two prior occasions,

alleging members of the Police Department retaliated against him for his involvement with the local police union.

Plaintiff Miller sought, and was not selected, for promotions to assistant police chief in September 2019 and October 2020, and police captain in October 2020. Plaintiff Miller alleges he was a more qualified candidate than the individuals hired to fill the positions. According to the allegations in Plaintiff Miller's Complaint, he sued the city on one prior occasion, alleging members of the Police Department retaliated against him for his involvement with the local police union.

In April 2021, Steven Helm initiated a civil action against Derek Slaughter, Gabriel Campana, and the City of Williamsport, Pennsylvania.[1] In June 2021, Fred Miller initiated a civil action against Derek Slaughter, Gabriel Campana, and the City of Williamsport, Pennsylvania.[2] Both Complaints assert retaliation claims against Defendants Slaughter and Campana, and a *Monell* claim against the City of Williamsport. These two cases have proceeded separately since they were filed. Defendants' Motions for Summary Judgment were denied in these cases on March 29, 2024 and April 18, 2024. *Helm v. Slaughter* has been scheduled for trial, and *Miller v. Campana* has not.

---

[1] Complaint, *Helm v. Slaughter*, 4:21-CV-705-WIA (M.D. Pa. Apr. 15, 2021), ECF No. 1.
[2] Complaint, *Miller v. Campana*, 4:21-CV-986-WIA (M.D. Pa. June 2, 2021), ECF No. 1.

On May 3, 2024, Defendants filed Motions to Consolidate and supporting briefs in both cases.[3] On May 13, 2024, Plaintiff Miller filed a brief in opposition.[4] On May 16, 2024, Plaintiff Helm filed a brief in opposition.[5] On May 20, 2024, Defendants filed a reply brief in both cases.[6] On August 21, 2024, the Court held a telephone conference with counsel for all parties in both cases to discuss the issues raised in Defendants' Motions to Consolidate.[7]

For the reasons explained herein, Defendants' Motions to Consolidate will be denied.

## II.  LEGAL STANDARD

When two separate actions involve a common question of law or fact, Rule 42 of the Federal Rules of Civil Procedure affords a court discretion to: (1) join for a hearing or trial any or all matters at issue in the actions; consolidate the actions;

---

[3] Motion to Consolidate and Brief in Support, *Helm v. Slaughter*, No. 4:21-CV-705 (M.D. Pa. May 3, 2024), ECF Nos. 35, 36; Motion to Consolidate and Brief in Support, *Miller v. Campana*, No. 4:21-CV-986 (M.D. Pa. May 3, 2024), ECF Nos. 30, 31.

[4] Brief in Opposition, *Miller v. Campana*, No. 4:21-CV-986 (M.D. Pa. May 13, 2024), ECF No. 32.

[5] Brief in Opposition, *Helm v. Slaughter*, No. 4:21-CV-705 (M.D. Pa. May 16, 2024), ECF No. 37.

[6] Reply Brief, *Helm v. Slaughter*, No. 4:21-CV-705 (M.D. Pa. May 20, 2024), ECF No. 38; Reply Brief, *Miller v. Campana*, No. 4:21-CV-986 (M.D. Pa. May 20, 2024), ECF No. 33.

[7] Scheduling Order, *Helm v. Slaughter*, No. 4:21-CV-705 (M.D. Pa. Aug. 16, 2024), ECF No. 42; Scheduling Order, *Miller v. Campana*, No. 4:21-CV-986 (M.D. Pa. Aug. 16, 2024), ECF No. 35.

or issue any other orders to avoid unnecessary cost or delay.[8] As provided for in the Rule, consolidation is appropriate, but not required, where there exists a common question of law or fact.[9] Thus, a party requesting consolidation bears the burden of demonstrating that a common question of law or fact exists, and that consolidation will reap more benefit than harm.[10]

When deciding a motion for consolidation, a court has broad discretion. In its determination, it must balance the advantages of judicial economy against the potential harm in delays, additional expenses, jury confusion, or prejudice.[11] Federal courts have found that, "[e]ven where cases involve some common issues of law or fact, consolidation may be inappropriate where individual issues predominate."[12]

### III. DISCUSSION

To support their assertion that these two actions should be tried together, Defendants argue:

---

[8] Fed. R. Civ. P. 42(a).
[9] *McClenaghan v. Turi*, Nos. 09-5497 and 11-3761, 2011 WL 4346339, at *2 (E.D. Pa. Sept. 16, 2011) ("[E]ven where commonalities exist, consolidation is not required.").
[10] *Id.* at *1; *Youells v. Dzakpasu*, Nos. 3:19-CV-633 and 3:19-CV-922, 2019 WL 5446056, at *2 (M.D. Pa. Sept. 24, 2019), *report and recommendation adopted*, 2019 WL 5457778 (M.D. Pa. Oct. 23, 2019).
[11] *Farahmand v. Rumsfeld*, No. 02-1236, 2002 WL 31630709, at *2 (E.D. Pa. Nov. 20, 2002).
[12] *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998).

Both Case No. 4:21-CV-986 and Case No. 4:21-CV-705 involve common, indeed almost identical, questions of both law and fact. Both Plaintiffs in both cases assert the same causes of action under the First Amendment to the U.S. Constitution and 42 U.S.C. § 1983. Both Plaintiffs in both cases assert that their First Amendment Rights were violated based on the same type of alleged retaliation related to filing previous lawsuits that themselves were based on the same causes of action. In response to these allegations, Defendants have raised virtually identical defenses, namely that each and every one of the employment decisions now being challenged by Plaintiffs were justifiable based on legitimate managerial considerations that were unrelated to any prior protected activity by Plaintiffs.[13]

We agree that Defendants have met their burden of showing that these cases involve a common question of law. Notwithstanding that common question of law, we are not persuaded that consolidation would be prudent here. Although Plaintiffs Miller and Helm were competing for some of the same promotions, and their qualifications were weighed by the same decisionmakers, the two cases will require the presentation of evidence concerning their individual circumstances. Plaintiffs have different qualifications, and each has their own individual and longstanding history with the Williamsport Police Department. We acknowledge that there is a considerable amount of overlap in the witnesses, but the evidence as to each Plaintiff will differ.[14] The evidence relevant to the calculation of each

---

[13] Brief in Support, *Helm v. Slaughter*, No. 4:21-CV-705 (M.D. Pa. May 3, 2024), ECF No. 36, pp. 5-6; Brief in Support, *Miller v. Campana*, No. 4:21-CV-986 (M.D. Pa. May 3, 2024), ECF No. 31, pp. 5-6.

[14] *See e.g.*, *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413-414 (M.D. Pa, 1983) (denying a motion for consolidation in a retaliatory termination case, in part, because the likelihood of confusion in the minds of the jurors regarding "the

Plaintiffs' damages will also differ. Furthermore, these actions are at different stages. In *Helm v. Slaughter*, motions in limine are currently due on or before August 29, 2024, and a trial date is set. No trial date has been set in *Miller v. Campana*. Thus, consolidation will either delay the resolution of *Helm v. Slaughter* or prejudice the parties in *Miller v. Campana* if they are required to meet the deadlines already set in *Helm v. Slaughter*.

We find that there is a significant likelihood of jury confusion regarding the individual facts giving rise to each retaliation claim, and that consolidation could result in prejudice to the nonmoving parties. These considerations outweigh the benefit of any possible convenience or economy to be obtained from consolidation. Therefore, Defendants' Motions will be denied.

## IV.    CONCLUSION

Accordingly, we find that:

(1)   Defendants' Motions seeking to hold a consolidated trial in *Helm v. Slaughter* and *Miller v. Campana* will be DENIED.

(2)   An appropriate order will be issued.

Date: August 23, 2024                                    BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

---

discrete factual backgrounds with respect to each plaintiff" outweighed the benefit of any possible convenience or economy to be obtained from consolidation).